FILED

SEP 17 2012

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY HOWARD LYNCH,
    Plaintiff,

v.                                                      CIVIL ACTION NO. 1:10cv210
                                                               (Judge Keeley)
MICHAEL ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

## REPORT AND RECOMMENDATION/OPINION

On December 22, 2010, Jeffrey Howard Lynch ["Plaintiff"] filed a Complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, the Commissioner of Social Security ["Defendant"]. The Court referred the matter to the undersigned United States Magistrate Judge, who on October 31, 2011, issued a Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be granted, and the claim be remanded to the Commissioner. [Docket Entry 20]. On November 14, 2011, both parties filed objections to the Report and Recommendation. On March 30, 2012, the District Court adopted the undersigned's Report and Recommendation, granting Plaintiff's Motion for Summary Judgment in part and remanding the action to the Commissioner for further proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g) [Docket Entry 23].

On April 25, 2012, Plaintiff filed an "Application for Attorney's Fees" seeking attorney's fees and expenses in the amount of $7,727.48, representing 37.9 hours and 10.1 hours of work by Plaintiff's counsel, Timothy F. Cogan and a Paralegal, respectively, plus $189.84 in expenses [Docket Entry 25]. Defendant filed a "Response" to Plaintiff's petition for attorney's fees on May

1

8, 2012 [Docket Entry 26]. Plaintiff filed a Reply on May 11, 2012 [Docket Entry 27]. This matter was referred to the undersigned United States Magistrate Judge for Report and Recommendation by United States District Judge Irene M. Keeley on May 11, 2012 [Docket Entry 28].

Pursuant to the EAJA, a plaintiff's attorney is entitled to a fee award if: (1) the claimant is the prevailing party; (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) the claimant timely filed his petition and an itemized statement within thirty days of the final judgment. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

The Commissioner objects to the Plaintiff's fee petition on the basis that: 1) His litigation position was substantially justified; and, in the alternative, 2) Counsel's fee petition is unreasonable, and should therefore be reduced. Plaintiff first argues that the Commissioner's position was not substantially justified. In Hyatt v. Barnhart, 315 F.3d 239 (4th Cir. 2002), the Fourth Circuit explained the phrase "substantially justified" as follows:

> Under § 2412(d)(1)(A) of the EAJA, the court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust. *Id.* (emphasis added). The award of attorneys' fees to a prevailing party, therefore, "is mandatory *unless* the government can demonstrate that its position was 'substantially justified,'" *EEOC v. Clay Printing Co.*, 13 F.3d 813, 815 (4th Cir.1994), or that special circumstances make an award unjust. " 'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.' " *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C.A. § 2412(d)(1)(B). And, in determining "whether the government acted reasonably in causing the litigation or

> in taking a stance during the litigation," we must consider the "totality of the circumstances." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir.1993). We review the district court's determination that the SSA's position was not "substantially justified" for an abuse of discretion. *See Pierce*, 487 U.S. at 562-63, 108 S.Ct. 2541.

Id. at 244-245.

In his "Statement of Errors" Plaintiff contended: 1) The ALJ's denial relied upon only a part of the State agency reviewing physicians' and psychologists' Residual Function Reports and Psychiatric Review Techniques which were inconsistent with the rest of the opinions; 2) The denial lacks substantial evidence to support the credibility finding and crucially relies upon speculation; 3) The ALJ speculated in finding that it was likely that the claimant's father would require significant care by Lynch; 4) Lynch's limited daily activities are verified to a reasonable degree of certainty; 5) That physical therapy records reflected an injury to the neck while changing a tire does not provide substantial evidence, by itself, or with the other factors discussed in the decision to discount the daily activities; 6) The ALJ's reliance upon a lack of treatment is insufficient where there is no dispute that claimant had a very severe event which caused very significant impairments; and 7) Speculation that secondary gain may have been a consideration in the claimant's decision to file an application for disability benefits does not impeach Plaintiff's credibility. [Docket Entry 9].

Plaintiff's counsel attached an "Appendix Regarding Missing Documents," to his Statement of Errors, stating that he had not handled the case at the administrative level, and that previous counsel informed him there were records that "would have been submitted" to Social Security, but that were not contained in the record. The attachment contained some actual documents and also summarized the documents prior counsel's paralegal apparently told current counsel "would have

3

been submitted." The very last sentence of this "appendix" states: "In view of this incomplete record, if the Court does not want to award benefits, it should remand for the ALJ to make his decision on a complete record, and order fees for this stage of the work." Significant to the issue of attorney fees is the fact that Plaintiff did not formally move for the Court to include these records or formally move for remand for new and material evidence submitted to the Court.

In Defendant's Motion for Summary Judgment, he argued: 1) That the ALJ reasonably relied upon the State agency physicians' assessments; 2) That the ALJ reasonably found Plaintiff's testimony not credible based on contradictions between his statements and testimony that his balance was worsening and physical therapy notes showing improvement with ambulation and going up and down stairs, contradictions between Plaintiff's testimony about frequent headaches and his report to Dr. Figel that his headaches had "significantly resolved," contradictions between Plaintiff's testimony regarding his reduced vision and the lack of any supporting vision testing, contradictions between Plaintiff's testimony that he is totally disabled and treatment notes indicating he injured his neck while changing a tire, contradictions between his testimony and emergency room records indicating he denied numbness or weakness in his arms or legs, contradictions between Plaintiff's and his mother's testimony regarding his poor memory and treatment notes from Dr. Crisan showing no memory impairment, the lack of work-related limitations imposed on Plaintiff from any treating physician, contradictions between Plaintiff's testimony about his greatly restricted daily activities and evidence indicating he stays home with his bedridden father and injured his neck changing a tire, and Plaintiff's documented financial problems and desire for secondary gain; 3) That the ALJ reasonably considered daily activities and other factors to assess Plaintiff's credibility; 4) Evidence that Plaintiff changed a tire is relevant to the ALJ's credibility analysis; 5) Plaintiff's lack of medical

4

treatment supports the ALJ's reasonable credibility finding; 6)That the ALJ reasonably considered secondary gain as one motive for Plaintiff's testimony; and 7)Remand is not required to consider Plaintiff's appendix, new evidence, or extra-record evidence. [Docket Entry 11].

Plaintiff filed a Reply, describing the evidence he submitted post-administrative level, and formally arguing for the first time for remand to the Commissioner for new evidence. [Docket Entry 12](May 5, 2011).

Defendant moved for permission to file a Surreply which was granted. In his surreply, Defendant first argued that the Court should not consider the reply because Plaintiff had never requested remand in his opening brief, and also that the newly-submitted evidence was not new or material, and that good cause did not exist for the failure to submit it at the administrative level [Docket Entry 14] (May 12, 2011).

Plaintiff filed a "Motion to Permit Further Memorandum in Support of Motion to Reverse and Remand to Consider Even More Additional Medical Records and Memorandum Itself" [Docket 16] (August 25, 2011).

Defendant then filed a Response to Plaintiff's Motion for further memorandum. [Docket Entry 17] (August 31, 2011).]

Plaintiff filed a "Second Motion to Permit Further Memorandum in Support of Motion to Reverse and Remand to Consider Even More Additional Medical Records and Memorandum Itself" [Docket Entry 18] (September 8, 2011).

The undersigned entered a Report and Recommendation on October 31, 2011, specifically finding Plaintiff had not shown good cause for his failure to submit the evidence at the

administrative level, and therefore denying the motion to remand contained in the Reply, as well as the motion to permit further memorandum and evidence and the second motion to submit further memorandum and evidence. [Docket Entry 20].[1]

The undersigned did find in the Report and Recommendation that substantial evidence did not support the ALJ's determination that Plaintiff was not disabled, because: 1) The State agency physician's opinion on which the ALJ relied was submitted before Plaintiff gained 50 pounds and was diagnosed as obese; 2) The State agency psychologist's opinion upon which the ALJ relied was submitted before Plaintiff began seeing a psychiatrist, and before much of the mental health evidence was even in existence; and 3) The ALJ's credibility determination was not supported by substantial evidence because the ALJ did not discuss Plaintiff's obesity or depression, which were both diagnosed after he applied for Disability, but while the matter was still at the administrative level.

While not precisely for the reasons Plaintiff argued in his Statement of Errors, the undersigned finds Defendant was not substantially justified, because the ALJ expressly gave great weight to, and relied, at least in part, on State agency reviewing physician opinions that were based on evidence prior to September 2008, over a year and a half before the ALJ's decision, and substantial evidence was submitted subsequent to those opinions. Further, that later evidence included the diagnoses of obesity and depression which the undersigned found were omitted and therefore affected the credibility determination. Further, although Plaintiff did not allege the

---

[1] As stated in the Report and Recommendation, Plaintiff's current lawyer did not handle the case at the administrative level; however, Plaintiff was represented by one lawyer at the ALJ level and another at the Appeals Council level. Neither ever raised the issue of the record being incomplete.

impairments of obesity or depression in his applications, those conditions were, as noted, diagnosed later, and were in the record and discussed at the administrative hearing.

There is no dispute that Plaintiff is a "prevailing party," and there is no allegation that "special circumstances make an award unjust" or that Plaintiff's petition was not timely filed. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). The award of attorneys' fees is therefore mandatory. EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir.1994).

In the alternative, the Commissioner argues the number of hours requested by counsel is excessive and should be reduced. Attorney fees and expenses under the EAJA must be reasonable. See U.S.C. §§ 2412(d)(2)(A). Counsel has an ethical duty to make a good faith effort to exclude "excessive, redundant, or otherwise unnecessary" hours from the fee petition. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); Pierce v. Underwood, 487 U.S. 552 (1988) (cited in May v. Sullivan, 936 F.2d 177 (4th Cir. 1991). The Commissioner does not dispute the hourly rate charged by counsel, and the undersigned finds that counsel's requested hourly rate of $182.75 for himself and $50.00 for his paralegal reasonable.

Despite having found the defendant's position was not substantially justified, the undersigned agrees with Defendant that the number of hours requested by counsel is excessive and unreasonable, and should be reduced. The undersigned sympathizes with counsel, having inherited a difficult case in which much evidence was missing, for whatever reason. Further, counsel was zealous in making up for what appears to be a lack of diligence and an expressed lack of experience by previous counsel in this matter. The goal of the EAJA, however, "is to penalize unreasonable behavior on the

7

part of the government without impairing the vigor and flexibility of its litigating position." Crawford v. Sullivan, 935 F.2d 655 (4th Cir. 1991). The undersigned does not interpret that declaration by the Fourth Circuit as providing for inclusion of extraordinary fees based on counsel's need to follow earlier, ineffective representation by other counsel. No fees are therefore considered for the issue of new records, either by counsel or his paralegal.

Upon consideration of all which, the undersigned finds the following to be reasonable times and attorney fees for this matter:

3 hours for preparing to file the complaint, and reviewing the Answer and record.

11 hours for working on the brief

0.5 hour for review of decision

0.5 hour for objections

0.5 hour for review of decision

Total: $2832.63

The undersigned therefore finds the fee requested for representation of Plaintiff before the court in this matter is excessive and recommends Plaintiff be awarded $2,832.63 for time spent litigating this claim before the Court.

Plaintiff next requests an additional $475.15 in fees for 2.6 hours spent working on the application for EAJA fees as well as $365.52 for 2 hours working on the reply to Defendant's response to the application. The undersigned first notes that the United States Supreme Court has found that hours expended litigating EAJA fee petitions are recoverable. See INS v. Jean, 496 U.S.

154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). Moreover, the Supreme Court states that "[a] request for attorney's fees should not result in a second major litigation." Id. at 437. S. Ct. at 1941. In this case Plaintiff was required to litigate both the issue of substantial justification as well as the amount of hours claimed. The undersigned does find 4.6 hours excessive for an EAJA fee dispute, however. Further, the Court had already denied all the motions to submit new evidence, and, now finds that additional fees due to the fact that counsel took the case after other lawyers dropped it would not promote the goal of the EAJA "to penalize unreasonable behavior on the part of the government." In addition, the substantive issues upon which Plaintiff prevailed, being credibility and reliance on state agency physician opinions, are not novel. The undersigned does not find persuasive counsel's argument that the government, in effect, should have agreed to a stipulated remand, not filed objections to the R&R, or not filed a sur-reply, in order to reduce fees.

The undersigned therefore finds that three hours for a total fee of $548.25, is a reasonable fee for litigating the EAJA fee under the circumstances of this case for a total attorney's fee of $3380.88.

Plaintiff also requests the Court grant expenses in the amount of $157.50 for photocopies, $28.34 for postage, and $4.00 for fax, as well as $106.41, for "outside services" from the prior paralegal and medical records. The EAJA statute allows for costs in litigation, in the Court's discretion. For the same reasons already stated, the undersigned denies the last two requests. From a review of the record, it appears to the undersigned that a large part of the copying and postage also relates to the disallowed new records and motions in support of inclusion of those records. The

undersigned therefore believes, in his discretion, that half of those costs, or $94.42 should be awarded to Plaintiff as costs.

In total, the undersigned finds Plaintiff should be compensated for $3475.30.

The Fourth Circuit, in <u>Stephens ex rel. R.E. v. Astrue</u>, 565 F.3d 131 (4th Cir. 2009), held that attorney's fees under the EAJA are payable to the claimant, not the attorney (citing cases that clarify that "[t]he EAJA was not enacted for the benefit of counsel to ensure that counsel gets paid." In this case, however, Plaintiff signed an unconditional assignment of attorney's fees, costs, and expenses. [Docket Entry 25].

## RECOMMENDATION

For all the above reasons, the undersigned Magistrate Judge respectfully **RECOMMENDS** the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Application for Fees and Expenses [Docket Entry 25]. The undersigned Magistrate Judge **RECOMMENDS** that the District Court **AWARD** Plaintiff 18.5 hours of attorney's fees at the rate of $182.75 per hour and costs of $94.42 for a total of $3475.30, the total award to be paid to Plaintiff's counsel, in accordance with the assignment executed by Plaintiff.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed

Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 17 day of September, 2012.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE