```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JEFFREY HOWARD LYNCH,**

      **Plaintiff,**

v.                                              CIVIL ACTION NO. 1:10cv210
                                                                                                (Judge Keeley)

**MICHAEL ASTRUE, COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION/OPINION

Pending before the Court is the Magistrate Judge's Report and Recommendations ("R&R") concerning the plaintiff Jeffrey Howard Lynch's ("Lynch") motion for attorney's fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. (Dkt. No. 25). For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

**I.**

On March 30, 2012, the Court adopted Magistrate Judge John Kaull's R&R concerning Lynch's Social Security appeal. (Dkt. No. 23). Accordingly, the Court remanded the action to the Social Security Commissioner for further proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g). Id. The Court also denied three motions filed by Lynch in which he sought to bring certain

**LYNCH V. ASTRUE**                                                                 **1:10CV210**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]**

medical records to the Court's attention that had not been considered by the administrative law judge in the original proceeding. (See Dkt. Nos. 12, 16 and 18). On April 25, 2012, Lynch moved for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Dkt. No. 25). The defendant, Michael Astrue, Commissioner of Social Security ("the Commissioner") responded on May 8, 2012. (Dkt. No. 26). After Lynch replied (dkt. no. 27), the Court referred the matter to Magistrate Judge John Kaull for a R&R. (Dkt. No. 28).

On September 17, 2012, Magistrate Judge issued the R&R, in which he recommended that the Court grant in part and deny in part Lynch's motion because portions of the fees requested by Lynch were "excessive and unreasonable." (Dkt. No. 29 at 7). Lynch filed timely objections to the R&R (dkt. no. 30), and Astrue responded as well. (Dkt. No. 31). After a de novo review of the facts recounted by the Magistrate Judge, and the law applied to those facts, the Court overrules Lynch's objections and adopts the Magistrate Judge's R&R in its entirety.

**II.**

Four elements must be met in order to establish eligibility for an award of an attorney's fee under the EAJA: (1) the claimant is the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the

**LYNCH V. ASTRUE**                                                                 **1:10CV210**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]**

award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991). Nevertheless, even when a plaintiff satisfies all four elements, a district court may exercise its discretion and set a reasonable fee award where the petition seeks recompense for "excessive, redundant, or otherwise unnecessary" billed hours and expenses. <u>Id.</u> § 2412; <u>May v. Sullivan</u>, 936 F.2d 177, 177 (4th Cir. 1991) (citing <u>Pierce v. Underwood</u>, 487 U.S. 552, 571 (1988)).

    Here, although the Magistrate Judge concluded that Lynch had satisfied all four elements necessary for an award of an attorney's fee under § 2412, he found that the amount sought by Lynch was unreasonable. He based this finding on the fact that the missteps of Lynch's previous counsel, <u>i.e.</u>, the failure to put all of Lynch's medical records before the administrative law judge ("ALJ"), and not any "unreasonable behavior" on the part of the government, had necessitated additional work. See <u>Pullen v. Brown</u>, 820 F.2d 105, 107 (4th Cir. 1987) ("The [EAJA] aims to penalize unreasonable behavior on the part of the government without impairing the vigor and flexibility of its litigating position.")(abrogated on other grounds). Accordingly, the Magistrate Judge deducted those hours related to that issue and recommended an award of $2,832.63.

**LYNCH V. ASTRUE** **1:10CV210**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]**

The Magistrate Judge also concluded that Lynch's request for compensation for 4.6 hours spent litigating the instant fee dispute was unreasonable, and reduced that award by 1.6 hours worth of fees, or to $548.25. (Dkt. No. 29 at 9). While the Magistrate Judge acknowledged that Lynch had to litigate both the issue of substantial justification, see Crawford, 935 F.2d at 656, and the amount of hours claimed, he concluded that those arguments were not novel and thus not so time intensive as counsel claimed. Id.

Finally, the Magistrate Judge determined that Lynch was not entitled to expenses associated with the issue of new records because the Court ultimately had denied his motion to supplement the record with those documents and did not consider them in its decision. Id. at 9. Accordingly, the Magistrate Judge reduced the expense amount sought by half, to $94.42. In all, the Magistrate Judge recommended a total award of $3,475.30. Id. at 10.

In sum, the Magistrate Judge concluded that, while current counsel has represented Lynch diligently, prior counsel's omission of certain medical records from the administrative proceeding (see dkt. no. 23 at 31), which had necessitated the filing of three motions seeking consideration of additional medical records (see dkt. nos. 12, 16 and 18), was not attributable to "unreasonable behavior" on the part of the Government, and thus is not compensable under the EAJA. While Lynch objects that the fault for

4

**LYNCH V. ASTRUE**                                                    **1:10CV210**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]**

that omission lies with the ALJ, and not prior counsel, that argument is no more compelling now than it was when made earlier in this matter. <u>Compare</u> (Dkt. No. 12 at 8) (arguing that the ALJ breached duty to develop the record) <u>with</u> (Dkt. No. 23 at 31) (explaining that Lynch's own counsel failed to notice and correct obvious omissions from the record). Notably, in deciding to remand the case to the Commissioner, the Court never relied on the additional records Lynch sought to put before it. Consequently, the Court concurs with the Magistrate Judge's conclusion that fees associated with those records are unnecessary and therefore not recoverable under the EAJA.

    Finally, Lynch objects that the Magistrate Judge's reduction of fees associated with the instant motion is unreasonable because, had the Government been willing to stipulate to a fee award, he would not have had to litigate the issue, thereby reducing the fee award he now seeks. Were the Court to credit this argument, it would severely limit the Government's ability to defend its interests in future actions under the EAJA. Moreover, as observed by the Commissioner, the facts of this case do not bear out Lynch's assertion that he repeatedly attempted to settle the issue of fees. Only once, on November 11, 2011, did Lynch explicitly make a settlement offer regarding EAJA fees. (Dkt. No. 30-1 at 1). In short, the Government's refusal to accede to Lynch's settlement

5

**LYNCH V. ASTRUE**                                                    **1:10CV210**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 29]**

demand does not automatically render Lynch's ultimate fee request reasonable.

### III.

For the reasons stated, the Court:

1) **OVERRULES** Lynch's objections (dkt. no. 30);

2) **ADOPTS** the R&R in its entirety (dkt. no. 29);

3) **DENIES IN PART** and **GRANTS IN PART** Lynch's Motion for Attorney's Fees (dkt. no. 25); and

4) **AWARDS** Lynch 18.5 hours of attorney's fees at a rate of $182.75 and costs of $94.42, for a total of $3,475.30.

The Court directs the Clerk of the Court to transmit copies of this order to counsel of record.

Dated: May 31, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE